**GOOD MFG. CO. v. BURNET, Com'r of Internal Revenue, and three other cases.**

Nos. 5362–5365.

Court of Appeals of the District of Columbia.

Argued March 9, 1932.

Decided April 4, 1932.

Louis E. Spiegler, N. Norman Mayer, and David Wiener, all of Washington, D. C., for appellants.

G. A. Youngquist, Sewall Key, John H. McEvers, C. M. Charest, and Percy S. Crewe, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

GRONER, Associate Justice.

This appeal is here on a consolidated petition for review filed November 16, 1929, pursuant to the provisions of sections 1001–1003 of the Revenue Act of 1926, 44 Stat. 9, 109, 110 (26 USCA §§ 1224 and note, 1225, 1226). There are two questions presented: First, were Good Manufacturing Company, Art Brass Company, and Metal Crafters, Inc., affiliated during the year 1920 within the meaning of section 240 (b) of the Revenue Act of 1918 (40 Stat. 1081)? Second, were Good Manufacturing Company and Art Brass Company affiliated during year 1924 within meaning of section 240 (c) of Revenue Act of 1924 (26 USCA § 993 note)?

Under the 1918 act, corporations shall be deemed to be affiliated if "one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others," or, second, if "substantially all the stock of two or more corporations is owned or controlled by the same interests."

During 1920, stockholders owning 96 per cent. of the stock of Good Company owned 90 per cent. of the stock of Art Company, and Art Company owned 88 per cent. of the stock of Metal Crafters, Inc. The question, therefore, is whether 88 per cent. control of stock of Metal Crafters, Inc., was a control of "substantially all" the stock of that company within the meaning of section 240 (b) of Revenue Act of 1918. The ques-

tion whether Good Company and Art Company were affiliated was not raised and is therefore not decided.

There has been a conflict between the several Circuit Courts of Appeals on the subject of what precise percentage of stock must be shown to bring the corporations within the affiliation statute. The question is set at rest under the Revenue Act of 1924, which fixed 95 per cent. as the amount. Under prior acts, 85 per cent. was held in Burnet v. Bank of Italy (C. C. A.) 46 F.(2d) 629, 630, not to constitute "substantially all," and substantially the same conclusion was reached in United States v. Cleveland, P. & E. R. Co., (C. C. A.) 42 F.(2d) 413, and Denunzio Fruit Co. v. Commissioner (C. C. A.) 49 F.(2d) 41. Other courts of equal dignity have held that the affiliation statute would apply in the case of ownership of 80 per cent. Commissioner v. Richfield Oil Co. (C. C. A.) 42 F.(2d) 360, is typical of these.

No satisfactory yardstick is provided in any of the decisions which we have examined, and we are unable to furnish one, and it was doubtless in recognition of this difficulty and the indefinite language used in the earlier acts that the later acts making the term definite and certain were passed.

In Handy & Harman v. Burnet, 284 U. S. 136, 52 S. Ct. 51, 52, 76 L. Ed. ——, the Supreme Court had before it under the same section the determination of the meaning of the term "control." In that case more than 75 per cent. of the stock of a company was owned by the same persons who owned 93 per cent. of the stock of another, and the minority stock in the former was controlled, so far as its voting power was concerned, by the stockholders owning 75 per cent. The Supreme Court distinguished this actual control from legal control, and Mr. Justice Butler, speaking for the court, said: "The purpose of section 240 was, by means of consolidated returns, to require taxes to be levied according to the true net income and invested capital resulting from and employed in a single business enterprise even though it was conducted by means of more than one corporation. Subsection (b) clearly reflects the intention, by means of such returns, to secure substantial equality as between shareholders who ultimately bear the burden. * * * It requires no discussion to show

that such returns will not make against inequality or evasion unless the same interests are the beneficial owners in like proportions of substantially all of the stock of each of such corporations."

In view of this language of the Supreme Court and also in view of the subsequent legislative construction or correction, whichever it may be called, of the indefinite language found in the 1918 act, we reach the conclusion that the three corporations in question, in the circumstances we have mentioned, were not affiliated within the meaning of the statute.

The second question may be answered in a few words. Under the provisions of 240 (c) of the Revenue Act of 1924 (26 USCA § 993 note), affiliation obtains only where one corporation owns "at least 95 per centum of the voting stock of the other or others," or the same per centum is owned by the same interests. In that year 6 per cent. of the stockholders of the Good Company owned no stock in the Art Brass Company and stockholders owning 10 per cent. of Art Brass owned no stock in Good. The 10 per cent. of stock of Art Company was in the name of employees of the company, and this stock was subject to repurchase by the majority stockholders, some of it at any time, and other of it when the employees severed their connection with the company. It is claimed, therefore, by petitioners that this brings the case within the second section of the act, namely, where 95 per cent. is owned by the same interests. But at the time in question the stock was owned by the employees. It had been given to them in lieu of salary, and until it was repurchased under the agreement it belonged to them absolutely, and this, we think, brings the situation with relation to this stock ownership directly under the Handy-Harman Case, supra.

The decision of the Board of Tax Appeals holding that Good Manufacturing Company and Art Brass Company were affiliated with Metal Crafters in 1920, is reversed, and the decision of the Board in holding that Good Manufacturing Company and Art Brass Company were not affiliated in 1924, is affirmed.

Reversed in part. Affirmed in part.